UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PEPE,

      Plaintiff,

v.

JUDGE ALANE C. LABODA,
JUDGE JAMES SHENKO, JUDGE
JOSEPH FULLER, SENIOR
JUDGE CHRISTINE H. GREIDER,
and SENIOR JUDGE CYNTHIA A.
PIVACEK,

      Defendants.

Case No. 2:25-cv-617-JES-KCD

## **REPORT & RECOMMENDATION**

Thomas Pepe initially filed this lawsuit against a state court judge, Michael McHugh, for his actions in probate and foreclosure proceedings. (Doc. 1.)[1] Pepe also moved to proceed *in forma pauperis* ("IFP"). (Doc. 2.) The IFP motion was "granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2)." (Doc. 8 at 1.) This was because Judge McHugh is entitled to immunity from Pepe's claims, and the complaint lacked sufficient factual support to pierce that immunity. (*Id.*) Pepe was directed to amend his complaint or face dismissal. (*Id.* at 6.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Pepe has now filed four amendments (Docs. 9, 32, 47, 52) naming additional state court judges. But all the amendments remain deficient for the same reason as before—they do nothing to show that the judges are not entitled to immunity.

A complaint from a plaintiff proceeding *in forma pauperis* that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected under 28 U.S.C. § 1915(e)(2)(B). A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ebron v. Immigr. & Customs Enf't*, No. 3:12-CV-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). This immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.*

Plaintiff's claims against the judges stem from conduct that occurred while they were acting in their judicial capacities in cases pending in the Twentieth Judicial Circuit. (*See* Doc. 52 at 3-4.) According to Plaintiff, Defendants "refused to adjudicate central claims." (*Id.* at 2.) The allegations relate to judicial acts, rendering Plaintiff's claims frivolous. Even under the most liberal construction, Plaintiff offers no facts to avoid judicial immunity. And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

3

Finally, since Plaintiff has already been allowed to amend under § 1915 (Docs. 8, 51), this action should be dismissed with prejudice. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15CV335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016).

It is thus **RECOMMENDED** that Plaintiff's third amended complaint (Doc. 52) be dismissed, and the case closed.

**ENTERED** in Fort Myers, Florida on August 28, 2025.

Kyle C. Dudek
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.