```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

THOMAS PEPE,

    Plaintiff,

v.                                   Case No: 2:25-cv-617-JES-KCD

JUDGE MICHAEL T. MCHUGH, JUDGE ALANE C. LABODA, JUDGE JAMES SHENKO, JUDGE JOSEPH FULLER, SENIOR JUDGE CHRISTINE H. GREIDER, and SENIRO JUDGE CYNTHIA A PIVACEK,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on the Magistrate Judge's Report and Recommendation (Doc. #53) issued on August 28, 2025. Plaintiff filed an Objection (Doc. #54), and a Notice of Judicial Concern and Demand for Review (Doc. #55) on September 8, 2025.

**I.**

On July 13, 2025, plaintiff initiated a Complaint (Doc. #1) against Judge Michael T. McHugh "for actions taken in clear absence of jurisdiction, outside the scope of judicial authority, and in concert with non-judicial actors to facilitate a fraudulent foreclosure and obstruct justice in related probate matters." On July 18, 2025, plaintiff was granted leave to proceed *in forma*

*pauperis*, but the complaint was dismissed with leave to amend to address certain deficiencies.[1] (Doc. #8.)

On July 23, 2025, plaintiff filed an Amended Complaint (Doc. #9) adding defendants Judge Alane C. Laboda, Judge James Shenko, Judge Joseph Fuller, Christopher Decosta, Ralph Confreda, Scott Brown, Wendy Manswell, John Richards, Douglas R. Goldin, Luke Lajqui, Saul Villalobos, and "additional unnamed co-conspirators" with a short generic statement of facts.  Plaintiff filed numerous notices and on July 30, 2025, filed a Second Amended Complaint (Doc. #32) with additional facts and identified counts.

On August 8, 2024, plaintiff filed a document entitled "Third Amended Complaint" (Doc. #47) with "reinstated claims" against Judge Michael T. McHugh with numerous attachments.  On August 13, 2025, plaintiff filed a Motion for Leave to File Third Amended Complaint and to Reinstate Previously Terminated Defendants (Doc. #49).  On August 14, 2025, the motion was granted, and plaintiff was directed to file the third amended complaint on or before August 28, 2025.  On August 19, 2025, plaintiff filed a Notice of Refiled Third Amended Complaint Pursuant to Court Request (Doc.

---

[1] Specifically, it was noted that Judge McHugh is entitled to immunity for actions taken in his judicial capacity despite plaintiff attempting to frame it otherwise, the pleading did not comply with Fed. R. Civ. P. 8 and 10, and there were insufficient factual allegations.  (Doc. #8.)

#52) that does not include previous versions or a revised version of a complaint and references exhibits.

On August 28, 2025, the Magistrate Judge issued a Report and Recommendation (Doc. #53) noting that plaintiff's claims against the state judges stem from conduct that occurred while they were acting in their judicial capacities in cases pending in the Twentieth Judicial Circuit Courts of Florida.  It is recommended that the action be dismissed *with* prejudice because plaintiff has been permitted to amend several times and plaintiff "offers no facts to avoid judicial immunity." (Id. at 3.)

## II.

Plaintiff objects that judicial immunity does not apply when judges act in a clear absence of jurisdiction.  Plaintiff argues that he has clearly alleged that the judges refused to adjudicate central claims, obstructed due process, and acted outside the scope of their lawful authority.  Plaintiff also alleges criminal acts by the judges.

The "Third Amended Complaint" (Doc. #47) filed on August 8, 2025, alleges that Judge Michael T. McHugh allowed a civil case against Thomas Pepe "despite lacking subject matter jurisdiction," the judge "refused to act" on his filings, and Judge McHugh failed to dismiss the case causing the foreclosure of the estate home of Eugene Pepe.  All of this occurred despite plaintiff's allegations

- 3 -

of fraud and ADA barriers to filing. There are no allegations specific to any of the other defendants. Attached to the pleading is an Amended Complaint, a motion for leave to file the amended complaint, a notice of filing amended complaint, and proposed orders and summonses. On August 19, 2025, plaintiff filed a Notice of Refiled Third Amended Complaint Pursuant to Court Request (Doc. #52) listing counts and allegations with no factual basis. This was reviewed as the operative third amended pleading.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. [] This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. [] Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotation marks and citations omitted). "A judge is entitled to absolute immunity for any acts that are within the function of the judicial office and loses immunity only if the

- 4 -

claimed acts are wholly outside his jurisdiction as a judge." Lloyd v. Foster, 298 F. App'x 836, 840 (11th Cir. 2008) (citation omitted).

There are no allegations in any of the filings of actions taken outside of the purview of Judge McHugh's role as a judge presiding over a case, and zero allegations against any of the other defendants in any of the various filings other than a general allegation of a conspiracy.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1). The Court agrees that plaintiff fails to state a claim that is not barred by judicial immunity.

"A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice

to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The Court finds that no amendment could cure the deficiencies, and any amendment would be futile.  The action will be dismissed without leave to amend and with prejudice.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Objection (Doc. #54) is **OVERRULED.**

2. The Report and Recommendation (Doc. #53) is **adopted,** and the action is dismissed with prejudice.

3. The Clerk shall terminate all pending motions and deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of September 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record